UNITED STATES COURT OF INTERNATIONAL TRADE

ROPER CORPORATION,

*Plaintiff,*

v.

UNITED STATES,

*Defendant.*

Court No. 22-00216

**COMPLAINT**

Plaintiff, Roper Corporation, by and through its attorneys, Sandler, Travis & Rosenberg, P.A., alleges as follows:

1. Roper Corporation is an American manufacturer of kitchen appliances that has been in business since 1973 and employs more than 2,000 employees in northwest Georgia.

2. Between November 8, 2018, and April 20, 2019, Roper Corporation entered three models of electric motors through the ports of Savannah, Georgia and Seattle, Washington (the "subject motors").

3. The subject motors are C-frame single-phase induction-type AC motors.

4. The subject motors have a maximum output of 3.78 or 4 watts.

5. The subject motors have no external housings.

6. The subject motors are not synchronous.

7. The subject motors are valued at less than $20.

8. The subject motors are products of China.

9. At entry and upon liquidation, the subject motors were classified under either subheading 8501.40.2040 or 8501.40.5040, HTSUS, as well as subheading 9903.88.03, HTSUS,

1

which imposes a duty of 25 percent *ad valorem* on Chinese goods under Section 301 of the Trade Act of 1974.

10.    Roper Corporation timely protested the liquidation of the subject entries within 180 days of liquidation.

11.    Through the subject protests, Roper Corporation sought reclassification of the subject motors under subheadings 8501.10.4020 and 9903.88.14, HTSUS.

12.    The subject motors are properly classified under subheading 8501.10.4020, HTSUS, because they are "Electric motors …: Motors of an output not exceeding 37.5 W: Of under 18.65 W: Other [than synchronous …]: AC."

13.    Between July 6, 2018, and September 20, 2020, entries of "AC motors, C-frame single-phase induction-type, without external housing, of an output not exceeding 18.65W, not synchrous, each valued not over $20 (described in statistical reporting number 8501.10.4020)" were exempt from Section 301 duties, under subheading 9903.88.14, HTSUS.  U.S. Note 20(q)(168) to Subchapter III, Chapter 99, HTSUS.

14.    The subject motors meet the description of U.S. Note 20(q)(168) to Subchapter III, Chapter 99, and subheading 9903.88.14, HTSUS, because they are C-frame, single-phase induction-type AC motors, without external housings, with a maximum output 4 or less watts, not synchronous, valued at less than $20, are described in subheading 8501.10.4020, HTSUS, and were entered after July 6, 2018, and before September 20, 2020.

15.    On January 26, 2022, U.S. Customs and Border Protection partially granted the subject protests, reclassifying the subject motors under subheading 8501.10.4020, HTSUS.

16.     Customs denied the subject protests as to classification under subheading 9903.88.14, HTSUS, and U.S. Note 20(q)(168) to Subchapter III, Chapter 99, on the ground that the schematics that Roper Corporation submitted in support of the subject protests were "blurry."

17.     Roper Corporation then requested that Customs void the denial of the subject protests pursuant to 19 U.S.C. § 1515(d) and provided additional copies of schematics.

18.     Customs did not act on Roper Corporation's request to void the denial of the protests.

19.     This civil action was commenced on July 22, 2022, to contest the denial of the subject protests under 19 U.S.C. § 1515.

20.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(a).

21.     Roper Corporation is the importer of record of the merchandise in the entries identified in the summons in this action and in the protests that Customs denied that are the subject of this action.

22.     Roper Corporation has standing because it is the importer of record that filed the protests under 19 U.S.C. § 1514 that are the subject of this action.

23.     This action was timely commenced on July 22, 2022, which was within 180 days after the mailing of the notice of denial of the protests that are subject of this action.

24.     All liquidated duties, charges, and exactions were paid prior to the commencement of this action.

25.     The subject motors qualify for the exclusion from Section 301 duties set forth in U.S. Note 20(q)(168) to Subchapter III, Chapter 99, and subheading 9903.88.14, HTSUS.

26.     Customs unlawfully assessed Section 301 duties under subheading 9903.88.03, HTSUS, on the subject motors because the subject motors are properly classified under subheading 9903.88.14, HTSUS, pursuant to U.S. Note 20(q)(168) to Subchapter III, Chapter 99.

## PRAYER FOR RELIEF

Roper Corporation respectfully requests that this Court enter judgment for Roper Corporation and against the United States; determine that the subject merchandise is properly classified in subheading 9903.88.14, HTSUS; overrule Customs' denial of the subject protests; order Customs to reliquidate the subject entries and refund all excess duties, charges, and exactions paid, with interest as provided by law; award Roper Corporation its costs and attorneys' fees; and grant such other and further relief as this Court deems appropriate.

Dated: July 31, 2026                    Respectfully submitted,

/s/ Luke Mathers
Luke Mathers
**SANDLER, TRAVIS & ROSENBERG, P.A.**
286 Madison Avenue, Suite 1200
New York, New York 10017
(212) 549-0160
lmathers@strtrade.com

4